IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VERONICA ZAMBRANO,

    Plaintiff,

v.                                                          Civ. No. 24-1280 GBW

STONEY JARAMILLO, *et al.*,

    Defendants.

## ORDER TO CURE DEFICIENCIES

THIS MATTER comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Complaint"), *doc. 1*, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), *doc. 2*.

Plaintiff did not sign the Affidavit on page 1 of her Application. Plaintiff also did not sign the Complaint. *See doc. 1* at 21-22. The Court must strike the Application and the Complaint if Plaintiff does not promptly sign the Application and Complaint.

> Every pleading, written motion, and other paper must be signed by at least one attorney of record ... or by a party personally if the party is unrepresented ... The Court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a). The Court orders Plaintiff to sign the Application and Complaint within 21 days of entry of this Order.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

2

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, **within 21 days of entry of this Order**, sign the Application and the Complaint. Failure to timely sign the Application and the Complaint may result in the Court striking Plaintiff's Application and Complaint.

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE